UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

Appendix A
United States Courts
Southern District of Texas
FILED

AUG 03 2016

David J. Bradley, Clerk of Court

Elisha m Johnson                       §
                                       §
versus                                 §      CIVIL ACTION NO. 2:16cv326
                                       §
BAY Front Hospitality                  §
management                             §
Gregory markwardt /owner               §

EMPLOYMENT DISCRIMINATION COMPLAINT

1.      This action is brought under Title VII of the Civil Rights Act of 1964 for employment

discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.      The Plaintiff is:            Elisha   m   Johnson

        Address:                     3608 Blanco

                                     Corpus christi, Tx 78415

        County of Residence:         Nueces

3.      The defendant is:            BAY Front HospitALItY manaGEMENT

        Address:                     GreGory markwardt / owner

                                     P.o. Box 91154 San Antonio, Tx 78209

☐       Check here if there are additional defendants. List them on a separate sheet of paper with

        their complete addresses.

4.      The plaintiff has attached to this complaint a copy of the charges filed on April 4, 2016

with the Equal Opportunity Commission.

5.      On the date of or about MAY 21, 2016, the plaintiff received a Notice of Right to Sue

letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

   (a) ☐ race

   (b) ☐ color

   (c) ☐ sex

   (d) ☑ religion

   (e) ☐ national orgin,

   the defendant has:

   (a) ☐ failed to employ the plaintiff

   (b) ☑ terminated the plaintiff's employment

   (c) ☐ failed to promote the plaintiff

   (d) ☑ other: Religious harassment _____

   _____

   _____

7. When and how the defendant has discriminated against the plaintiff:

   On or about Feb 25 2016 In the office I was denied an accommodation also I was push stoird by the supervisor ms. Jenny. On or about Feb 29, 2016 I was fierd by ms. Jenny as well.

8. The plaintiff requests that the defendant be ordered:

   (a) ☐ to stop discriminating against the plaintiff

   (b) ☐ to employ the plaintiff

   (c) ☐ to re-employ the plaintiff

   (d) ☐ to promote the plaintiff

(e)  ☑  to  <u>Be given wealth / compensation</u>

_____

_____ and that;

(f)  ☑  the Court grant other relief, including injunctions, damages, costs and attorney's fees.

<u>_Elisha Johnson_</u>
(Signature of Plaintiff)

Address:  <u>3608 Blanco</u>

<u>Corpus christi, Tx 78415</u>

Telephone:  <u>(361) 779-5050</u>



**City of Corpus Christi**

April 29, 2016

LETTER OF DETERMINATION

| **Complaining Party** | **Respondent** |
|---|---|
| Elisha Johnson | Bayfront Hospitality Management |
| 3806 Blanco, #3806 | Gregory Markwardt, Owner |
| Corpus Christi, TX  78415 | P.O. Box 91154 |
| | San Antonio, TX  78209 |

Charge No.: CCHRC # 36B-A16-0044 / EEOC # 36B-2016-00044

**HUMAN RELATIONS**

PO Box 9277
Corpus Christi
Texas 78469-9277
Phone 361-826-3190
Fax 361-826-3192
www.cctexas.com

Dear Mr. Johnson:

### Findings

Through the deferral procedures of 706(c) of Title VII of the Civil Rights Act of 1964, as amended, and the City of Corpus Christi Ordinance 023411, as amended, I issue on behalf of the City of Corpus Christi Human Relations Commission the following findings as to the merit of the subject complaint of discrimination.

As per an analysis of the Charging Party's complaint of discrimination filed on March 10, 2016 based on Race (Bi-Racial, Hispanic/Black) with allegations of terms and conditions of employment and discharge.  On April 4, 2016, Charging Party's charge was amended to correct the employer from Corpus Christi Bayfront Inn to Bayfront Hospitality Management "Hotel Corpus Christi Bayfront").  The outcome of the analysis, deemed issuance of a *No Cause* finding.

### Charging Party's Claim of Discrimination

The record of evidence reveals that the Charging Party alleged that on he was hired as a Houseman on or about February 17, 2016.  Upon hiring, he was given employment papers to sign and told they would be explained later, which they never did.  On or about February 29th, he was terminated.  He had found some fake jewelry in one of the rooms and held on to it because he figured the guest would return looking for it, which he did.  Charging Party was asked by HR if he had found any jewelry in the room.  He said yes.  He had originally thrown it in the trash, but then got it and put it in his pants (which were falling) so he put it in his car.  After a previous incident that had occurred when he left work with his badge, he immediately turned back to turn in it.  The next day when he showed up for work, he was asked where was his badge.  He had turned it in at the Front Desk, but no one seemed to know where it was.  This is why he had hung on to the jewelry so he would not get blamed of stealing it.  It seems there are no cameras which would proof he turned it in.  After returning the jewelry, HR told him he being terminated because this was theft.  He clocked out, turned in his badge and left.  He didn't argue or remind her that he was never given training on their policies and proper procedures.  He feels that the reason progressive disciplinary action was not applied was due to his Race (Bi-Racial Black/Hispanic) and because of religious tattoos which they had asked about.

### Respondent's Position Statement

Respondent denies Charging Party's allegation of discrimination.   His termination was the result of stealing an item a guest left in their room.  Charging Party was hired and subsequently terminated by his direct supervisor.  The General Manager made the decision to terminate his employment and the Guest Services Agent who received the item in question from Charging Party and subsequently released it to its rightful owner.  The Charging Party acknowledged that he understood employer's policies.  He did not file a complaint within the Company regarding discrimination so there wasn't any opportunity for any member of upper management to address a complaint or initiate an investigation.  He was not subjected to discrimination as alleged.

### Summary

Physical and witness documentation corroborates the Respondent extended the Charging Party an employment opportunity with Bayfront Hospitality Management (Hotel Corpus Christi Bayfront).  Charging Party was hired as a Houseman on February 19, 2016.  Upon being hired, he was given a new hire packet and was instructed to read and sign all documents in the packet which he signed and dated.

The General Manager or the Executive Housekeeper both stated that they never told the Charging Party that they would go over any of this information with him at a later date.

Elisha Johnson vs. Bayfront Hospitality Management
CCHRC #36B-A16-0044 / EEOC #36B-2016-00044
Page 2 of 3

Physical and witness documentation indicates that the Charging Party's job duties were to clock in as scheduled, check in the housekeeping office to gather his job assignment and to be issued a bellman key card in order to strip the sleeping rooms that were checked out of the system. At the end of the shift, he was to return his bellman key card to the Housekeeping Department prior to clocking out for the day. Apparently, on one of the days, he forgot to return the bellman key card to the housekeeping office. He then returned to the hotel and returned the bellman key card to the Front Desk clerk. When this occurs, the Front Desk clerks place the bellman key card back into the stack of key cards used at the Front Desk. The hotel key cards are simply recycled and used again. The Housemen are never assigned a specific number nor do they have a designated key card on daily basis.

Physical and witness documentation corroborate that the Charging Party found a gold chain necklace in one of the rooms he was assigned. The guest returned to the hotel stating he had left a gold chain necklace in his room. The Assistant Front Desk clerk told him she would check with the Executive Housekeeper to see if anything had been turned in. The Executive Housekeeper said nothing had been turned in, but that she would check with the Houseman. At that time, the Houseman (Charging Party) was walking inside the hotel from the main entrance. He gave the Asst. Front Desk clerk the necklace and walked away. She then documented the return of the necklace. Afterwards, the Executive Housekeeper went to inform the General Manager that the Charging Party had come from outside the building when he was returning the necklace. As he had the necklace, he was asked why wasn't it turned into the housekeeping office. He stated that he had placed the necklace inside of his car so that he wouldn't lose it. He was told he should have asked a manager what to do with the necklace at the time he found it instead of taking it out of the hotel. At this time, the General Manager decided that Charging Party be terminated from his job position due to theft from a sleeping room which is a violation of Company policy.

Physical documentation substantiates Respondent's decision to terminate the Charging Party was a legitimate, business and non-discriminatory reason based on violation of Company policy related to theft. There was no indication or evidence to support the Charging Party's allegations of discrimination as indicated on the face of the Charge thus deeming a *No Cause* finding.

## Conclusion

Based on the evidence and testimony provided by both the Respondent (Bayfront Hospitality Management), and Charging Party (Elisha Johnson), it cannot be determined that a violation of the statute, Title VII of the Civil Rights Act of 1964, as amended, or the City of Corpus Christi City Ordinance 023411 occurred as alleged. No finding is made as to any other issues that might be construed as having been raised by this Charge. Therefore, the Corpus Christi Human Relations Commission is issuing a determination of *No Cause* on the issues which were raised by this Charge.

This concludes the processing of this Charge by the Corpus Christi Human Relations Commission. However, if you, the Charging Party, wish to have this determination reviewed by the Equal Employment Opportunity Commission (EEOC), you may request a Substantial Weight Review in writing within fifteen (15) days from the date of this letter. You must submit your written request to: U.S. Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, Mockingbird Plaza II, San Antonio, TX 78229-3555. *Failure to make your written request on or before the 15th day from the date of this letter generally results in EEOC adopting the Corpus Christi Human Relations Commission's action in this cause.*

On behalf of the
Corpus Christi Human Relations Commission

4/29/16
Date

Sylvia V. Wilson, Human Relations Administrator

Enclosure: Copy of Charge of Discrimination

cc: Respondent

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | [X] FEPA | 36B-A16-0044 |
| | [X] EEOC | 36B-2016-00044 |
| | **AMENDED** | |

**City of Corpus Christi Human Relations Commission** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Elisha Johnson** | **(361) 695-2318** | **07-15-1984** |

| Street Address | City. State and ZIP Code |
|---|---|
| **3608 Blanco, #3608    Corpus Christi, TX 78415** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees. Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Bayfront Hospitality Management** | **15 - 100** | **(210) 273-0475** |

| Street Address | City. State and ZIP Code |
|---|---|
| **P.O. Box 91154     San Antonio, TX  78209** | |

**Work Location: Hotel Corpus Christi Bayfront,   601 N. Water,  Corpus Christi, TX  78401**

| Name | No. Employees. Members | Phone No *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02-17-2016** | **02-29-2016** |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about February 17, 2016, I was hired to work as a Houseman.  Upon my hiring I was given employment papers and told to sign them and they would be explained later, which they never did.

On or about February 29, 2016, I was terminated.  I found some fake jewelry in one of the rooms and I held on to it because I figured the guest would return looking for it, which he did.  I was asked by an Office Employee (HR) if I had found any jewelry in the room and I said yes and went and got it from my car.  I had originally thrown it in the trash, but then I got it and put it in my pants (which were falling) so I put it in my car.  After a previous incident that had occurred when I left work with my badge, I immediately turned back to turn in it.  The next day when I showed up for work, I was asked where was my badge.  I had turned it in at the Front Desk, but no one seemed to know where it was.  This is why I had hung on to the jewelry so I would not get blamed of stealing it.  It seems there are no cameras which would proof I turned it in.

After returning the jewelry, a lady from HR told me I was being terminated because this was theft.  I clocked out, turned in my badge and left.  I didn't argue or remind her that I was never given training on their policies and proper procedures.  I feel that the reason progressive disciplinary action was not applied was due to my Race (Bi-Racial Black/Hispanic) and because of religious tattoos which they asked about.

Based upon the information provided herein, I believe I have been discriminated against because of my Race (Bi-Racial Black/Hispanic) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the City of Corpus Christi Code of Ordinances – Chapter 24 Human Relations, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| **April 4, 2016** | *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* | SHELLEY FRANCO Notary Public, State of Texas Comm. Expires 02-08-2019 Notary ID 011178441 |
|---|---|---|---|
| Date | Charging Party Signature | | |



## City of Corpus Christi

**HUMAN RELATIONS**

PO Box 9277
Corpus Christi
Texas 78469-9277
Phone 361-826-3190
Fax 361-826-3192
www.cctexas.com

April 4, 2016

Elisha Johnson
3608 Blanco, #3608
Corpus Christi, TX 78415

**RE:   Elisha Johnson vs. Bayfront Hospitality Management
CCHRC #36B-A16-0044 / EEOC#36B-2016-00044
*Amended Charge***

Dear Mr. Johnson:

This is to inform you that Shelley Franco, Compliance Officer for the Human Relations Commission, will be the Investigator for your *amended* Charge of Discrimination against the above referenced Respondent.

All of the data supplied by you is contained in the case file. We will complete the investigation of the above referenced Charge of Discrimination.

**The Commission's regulations require you notify this office of any change in your address and keep us informed of any prolonged absence (i.e., more than two weeks) from your current address.** Your failure to cooperate in this matter may lead to dismissal of the above referenced Charge of Discrimination.

Thank you for your cooperation.

Respectfully,
**City of Corpus Christi
HUMAN RELATIONS COMMISSION**

Sylvia V. Wilson
Human Relations Administrator

## EEOC AFFIDAVIT

*(This form is affected by the Privacy Act of 1974. See Privacy Act Statement on reverse before completing this form.)*

| NAME:  Elisha Johnson | TELEPHONE NUMBER (Give area code)  HOME: (361) 695-2318    WORK: |
|---|---|
| ADDRESS (Number, street, city, state, zip)  **3608 Blanco, #3608,    Corpus Christi, TX 78415** | |

### THE FOLLOWING PERSON CAN ALWAYS CONTACT ME

NAME AND TELEPHONE NUMBER

**Debra Johnson    (361) 695-2318**

ADDRESS (Number, street, city, state, zip)

**7214 Landview, Corpus Christi, TX 78412**

### STATUS OF EMPLOYMENT

| CHECK ONE: | | NAME OF EMPLOYER |
|---|---|---|
| ☐ WORKING | ☒ NOT WORKING  ☐ SOUGHT EMPLOYMENT AT | |
| TYPE OF BUSINESS | DATES OF EMPLOYMENT    FROM:    TO:  WHEN EMPLOYMENT WAS SOUGHT    FROM    TO: | |
| POSITION TITLE | DEPARTMENT | |
| ADDRESS (Number, street, city, state, zip) | | |

EEOC Form 133 (11/09)

My name is Elisha Johnson. I am a Black male. I currently reside at 3608 Blanco, #3608, Corpus Christi TX, 78415. My contact telephone number is (361) 695-2318.

On or about February 17, 2016, I was hired as a Houseman by Corpus Christi Bayfront Inn, 601 N Water, Corpus Christi 78401; (361) 882-8100. My immediate supervisor was Jenny.

When I was hired, I was told by a lady in HR named Linda (LNU) to sign and initial my employment papers. She said she would explain them to me later, but she never did.

On or about February 29, 2016, I found some fake jewelry. I held on to it because I figured the guest would return looking for it. He did return. I was asked if I had found any jewelry in the room and I said yes and went and got it from my car. I had originally thrown it in the trash, but then I got it and put it in my pants are loose which were falling so I put it in my car. One day I left work with my badge that opens the rooms. I immediately turned back around to turn in my badge for the next day. The next day when I showed up for work, I was asked where was my badge. I told the lady I had turned it in at the Front Desk. No one seemed to know where it was. This is why I had hung on to the jewelry so I would not get blamed of stealing it. It seems there are no cameras which would proof I turned it in.

After returning the jewelry, Ginny from HR told me that I was being terminated because this was a theft. I asked her if I could clock out and she said to go ahead. I didn't argue with her or tell her I was never given training on their policies and proper procedures.

I feel that the reason progressive disciplinary action was not applied was due to my Race (bi-racial Black/Hispanic) ) and because of religious tattoos which they asked about.

**Witnesses:**
Julian Rice, Laundry

**Comparables:**
None noted

**Solution Sought:**
Would like to talk to caseworker about matter.

*I declare under the penalty of perjury that the foregoing is true and correct.*

| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | PAGE 2 OF 2 |
|---|---|---|---|
| **Mar 10, 2016** | | | |

PRIVACY ACT STATEMENT:    (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal data are given below.)

1. FORM NUMBER/TITLE/DATE:   EEOC FORM 133, EEOC AFFIDAVIT, November 2009.

2. AUTHORITY:  42 USC 2000e(9), 29 USC 201, 29 USC 621, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES: Provides a standardized format for obtaining sworn statements of information relevant to a charge of discrimination.

4. ROUTINE USES:  The affidavits are used to:  (1) make an official determination regarding the validity of the charge of discrimination, (2) guide the Commission's investigatory activity; and (3) in Commission litigation, to impeach or substantiate a witness's testimony.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR PROVIDING INFORMATION: Voluntary: Failure to provide an affidavit has no effect upon jurisdiction of the Commission to process a charge.  However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making a determination as to the existence of unlawful discrimination.

REVERSE OF EEOC FORM 133 (11/09)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 36B-A16-0044 |
| | [X] EEOC | 36B-2016-00044 |

City of Corpus Christi Human Relations Commission _____ and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Elisha Johnson** | **(361) 695-2318** | **07-15-1984** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3608 Blanco, #3608   Corpus Christi, TX 78415** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CORPUS CHRISTI BAYFRONT INN** | **15 - 100** | **(361) 882-8100** |
| Street Address    City, State and ZIP Code | | |
| **601 N. Water Street    Corpus Christi, TX 78401** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address    City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | **02-17-2016      02-29-2016** |
| [ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION | |
| [ ] OTHER (Specify) | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On or about February 17, 2016, I was hired to work as a Houseman. Upon my hiring I was given employment papers and told to sign them and they would be explained later, which they never did.

On or about February 29, 2016, I was terminated. I found some fake jewelry in one of the rooms and I held on to it because I figured the guest would return looking for it, which he did. I was asked by an Office Employee (HR) if I had found any jewelry in the room and I said yes and went and got it from my car. I had originally thrown it in the trash, but then I got it and put it in my pants (which were falling) so I put it in my car. After a previous incident that had occurred when I left work with my badge, I immediately turned back to turn in it. The next day when I showed up for work, I was asked where was my badge. I had turned it in at the Front Desk, but no one seemed to know where it was. This is why I had hung on to the jewelry so I would not get blamed of stealing it. It seems there are no cameras which would proof I turned it in.

After returning the jewelry, a lady from HR told me I was being terminated because this was theft. I clocked out, turned in my badge and left. I didn't argue or remind her that I was never given training on their policies and proper procedures. I feel that the reason progressive disciplinary action was not applied was due to my Race (Bi-Racial Black/Hispanic) and because of religious tattoos which they asked about.

Based upon the information provided herein, I believe I have been discriminated against because of my Race (Bi-Racial Black/Hispanic) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the City of Corpus Christi Code of Ordinances – Chapter 24 Human Relations, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Mar 10, 2016**         *Charging Party Signature* Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* SHELLEY FRANCO Notary Public, State of Texas Comm. Expires 02-08-2019 Notary ID 011178441 |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Elisha Johnson
3608 Blanco, #3608
Corpus Christi, TX 78415

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 36B-2016-00044 | Jaime Valdez, State & Local Coordinator | (210) 281-7661 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Travis G. Hicks,
Director

May 20, 2016
(Date Mailed)

Enclosures(s)

cc:   BAYFRONT HOSPITALITY MANAGEMENT
Attn: Gregory Markwardt/Owner
P.O. Box 91154
San Antonio, TX 78209

ADDRESS (Number, street, city, state, zip)

**3608 Blanco, #3608      Corpus Christi, TX 78415**

| THE FOLLOWING PERSON CAN ALWAYS CONTACT ME |
|---|

NAME AND TELEPHONE NUMBER

**Debra Johnson        (361) 695-2318**

ADDRESS (Number, street, city, state, zip)

**7214 Landview, Corpus Christi, TX 78412**

| STATUS OF EMPLOYMENT | |
|---|---|
| CHECK ONE:  ☐ WORKING   ☒ NOT WORKING  ☐ SOUGHT EMPLOYMENT AT | NAME OF EMPLOYER |
| TYPE OF BUSINESS | DATES OF EMPLOYMENT   FROM:   TO:  <br> WHEN EMPLOYMENT WAS SOUGHT   FROM   TO: |
| POSITION TITLE | DEPARTMENT |
| ADDRESS (Number, street, city, state, zip) | |

EEOC Form 133 (11/09)

*AMENDED:*

My name is Elisha Johnson. I am a Black male. I currently reside at 3608 Blanco, #3608, Corpus Christi TX, 78415. My contact telephone number is (361) 695-2318.

On or about February 17, 2016, I was hired as a Houseman by ~~Corpus Christi Bayfront Inn~~, *Bayfront Hospitality Management, P.O. Box 91154, San Antonio TX  78209; (210) 273-0475. My work location was at the Hotel Corpus Christi Bayfront* 601 N. Water, Corpus Christi 78401; (361) 882-8100. My immediate supervisor was Jenny.

When I was hired, I was told by a lady in HR named Linda (LNU) to sign and initial my employment papers. She said she would explain them to me later, but she never did.

On or about February 29, 2016, I found some fake jewelry. I held on to it because I figured the guest would return looking for it. He did return. I was asked if I had found any jewelry in the room and I said yes and went and got it from my car. I had originally thrown it in the trash, but then I got it and put it in my pants are loose which were falling so I put it in my car. One day I left work with my badge that opens the rooms. I immediately turned back around to turn in my badge for the next day. The next day when I showed up for work, I was asked where was my badge. I told the lady I had turned it in at the Front Desk. No one seemed to know where it was. This is why I had hung on to the jewelry so I would not get blamed of stealing it. It seems there are no cameras which would proof I turned it in.

After returning the jewelry, Ginny from HR told me that I was being terminated because this was a theft. I asked her if I could clock out and she said to go ahead. I didn't argue with her or tell her I was never given training on their policies and proper procedures.

Page 1 of 2

I feel that the reason progressive disciplinary action was not applied was due to my Race (bi-racial Black/Hispanic) and because of religious tattoos which they asked about.

**Witnesses:**
Julian Rice, Laundry

**Comparables:**
None noted

**Solution Sought:**
Would like to talk to caseworker about matter.

*I declare under the penalty of perjury that the foregoing is true and correct.*

| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | | |
|------|---------------------|----------------------------------|---|---|
| April 4, 2016 | | | PAGE | 2 OF 2 |

PRIVACY ACT STATEMENT:     (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal data are given below.)

1. FORM NUMBER/TITLE/DATE:   EEOC FORM 133, EEOC AFFIDAVIT, November 2009.
2. AUTHORITY: 42 USC 2000e(9), 29 USC 201, 29 USC 621, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. PRINCIPAL PURPOSES: Provides a standardized format for obtaining sworn statements of information relevant to a charge of discrimination.
4. ROUTINE USES:  The affidavits are used to:  (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Commission litigation, to impeach or substantiate a witness's testimony.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR PROVIDING INFORMATION: Voluntary. Failure to provide an affidavit has no effect upon jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making a determination as to the existence of unlawful discrimination.

REVERSE OF EEOC FORM 133 (11/09)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 36B-A16-0044 |
| | [X] EEOC | 36B-2016-00044 |
| | | AMENDED |

City of Corpus Christi Human Relations Commission                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Elisha Johnson | (361) 695-2318 | 07-15-1984 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3608 Blanco, #3608    Corpus Christi, TX 78415 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Bayfront Hospitality Management | 15 - 100 | (210) 273-0475 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 91154      San Antonio, TX  78209 | |
| Work Location: Hotel Corpus Christi Bayfront,   601 N. Water,  Corpus Christi, TX  78401 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest  02-17-2016    Latest  02-29-2016

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about February 17, 2016, I was hired to work as a Houseman. Upon my hiring I was given employment papers and told to sign them and they would be explained later, which they never did.

On or about February 29, 2016, I was terminated. I found some fake jewelry in one of the rooms and I held on to it because I figured the guest would return looking for it, which he did. I was asked by an Office Employee (HR) if I had found any jewelry in the room and I said yes and went and got it from my car. I had originally thrown it in the trash, but then I got it and put it in my pants (which were falling) so I put it in my car. After a previous incident that had occurred when I left work with my badge, I immediately turned back to turn in it. The next day when I showed up for work, I was asked where was my badge. I had turned it in at the Front Desk, but no one seemed to know where it was. This is why I had hung on to the jewelry so I would not get blamed of stealing it. It seems there are no cameras which would proof I turned it in.

After returning the jewelry, a lady from HR told me I was being terminated because this was theft. I clocked out, turned in my badge and left. I didn't argue or remind her that I was never given training on their policies and proper procedures. I feel that the reason progressive disciplinary action was not applied was due to my Race (Bi-Racial Black/Hispanic) and because of religious tattoos which they asked about.

Based upon the information provided herein, I believe I have been discriminated against because of my Race (Bi-Racial Black/Hispanic) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the City of Corpus Christi Code of Ordinances – Chapter 24 Human Relations, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| April 4, 2016 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date         *Charging Party Signature* | SHELLEY FRANCO Notary Public, State of Texas Comm. Expires 02-08-2019 Notary ID 011178441 |

Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

1

1) I'm bringing forth the claim Elisha M Johnson versus Bayfront Hospitality Management to the United States District Courts Southern District of Texas.

2) I believe that this court has jurisdiction because I live in Nueces County.

3) On or about Feb 25, 2016 I was called into the office because of hours/time. At that time I had ask if they were ever go over the handbook, plus, ask if it needs to be in writing. Ms. Jenny and Ms. Lenny both stated neither of them gave proper training. Ms. Lenny ask me about my tattoos and what they meant I told Ms. Lenny what it meant. I showed Ms. Lenny the other tattoos while doing that I see Ms. Jenny move really fast to the desk and set their I turned my head back and then Ms. Lenny jump up trying to hit me I think Ms. Jenny was trying to stop her because that was what she said to me. I heard Ms. Jenny yelling back up then I realize that I was taking some steps back towards the door. I started asking Ms. Jenny if she had push me while doing that she ask me if she had push me. Ms. Jenny had said that she thought that she did push me but it was because she was trying to stop Ms. Lenny from hitting me. I heard Ms. Lenny yelling I'm going to slap him into the ground they're not the ones I hate your religion. Before I left the office I ask Ms. Jenny and Ms. Lenny if they were up against me because of my religion and I heard yes it seems that way.

4) I would like money/ wealth

5) Elisha M Johnson 3608 Blanco Corpus Christi, TX 78415 (361) 779-5050

1

I went into the office and stated to Ms. Jenny and Ms. Lenny that they should go over the rules and regulations so that I would know what they expect from me, well as I wanted to know about all the attributes she stated that there is none.

1

Here is a list of all the attorneys I contact for assistances in Corpus Christi.

1) Amy Pratt                                    (361) 947-3693 No didn't write it

2) Paul Dodson                                  (361) 364-7415 not these kind

3) Kyzmyck Byerly                               (361) 883-7705not these kind

4) Bourlon law firm                             ( 361) 289-6040 not these kind

5) Hunter,Barker&Fancher,LLp                    (361) 884-8777 rep employer

6) Brown Floyd W Jr                             ( 361)  884-8777 rep employer

7) Chris Mcjunkin                               (361) 882-5747 not able to help me

8) Porter Roger Dahlman &Gordon                 (361) 880-5808 rep employer

9) Royston Rayzor Vickery &Williams LLp         (361) 884-8808 rep employer

10) Brin &Brin PC                               (361) 881-9643 not these kind

11) Buchanan James F                            (361) 561-8007 not these kind

12) Beane Webber,Tonya,JD                       (361) 880-5824 not these kind

13) Morris,Myra K,JD                            (361) 884-8808rep employer

14) Neblett David W                             (361) 884-8777rep employer

15) Raub Law Firm                               (361) 880-8181not these kind

16) Law office of Jerry J Trevino               (361) 888-9201 conflict of interest

17) Day,Kathleen L                              (361) 888-4342 not these kind

18) Hornblower,Jonathan M                       (361) 888-8041 no

19) William Bonilla             (361) 882-8284 Luis Durban need written state from witness

20) Martinez Law Firm                           (361)887-7111not these kind

21) McNiffFrankLJr                              (361)561-8008No call back

22) BruunDaneC                                  (361)561-8018no call back

23) Cohn Joseph A                        (361)561-8032Not these kind

24) Lorenz Milton E Jr                   (361)561-8020 not these kind

25) Welder Leo James                     (361)561-8002no call back

26) Simpson J Reid                       (361)866-8000no call back

27) Hall Philip M                        (361)561-8031not these kind

28) Smith Craig S                        (361)561-8013 not these kind

29) Pettus Dabney W                      (361)561-8009No Call back

30) Charles Smith                        (361) 883-1055 No

31) Huerta Guerra law firm               (361) 884-1632 not these cases

LAW OFFICE OF
## TEXAS RIOGRANDE LEGAL AID, INC.
Eagle Pass Office
542 E. Main Street PO BOX 2001        ◆
Eagle Pass, TX 78853
Telephone (830) 752-6400 Toll Free (800) 369-0467
Fax (830) 773-5806



May 31, 2016

Mr. Elisha Maxwell Johnson
3608 Blanco Courts
Apt. 3608
Corpus Christi, TX 78415

Dear Mr. Johnson:

The staff of Texas Riogrande Legal Aid, Inc. (TRLA) has reviewed your request for legal services that you discussed with us on May 9, 2016.  The purpose of this letter is to confirm the services and/or advice given to you in this matter.

Our service to you is limited to the following advice based on the documents and other information you provided to us.  We have not agreed to investigate this matter further and decline to represent you to file a lawsuit in any of the matters you discussed with us.  Discrimination lawsuits require considerable time and other resources and we are not able devote those resources in your cases.  Your case against UPS is complicated further because of the very short deadline that you have to pursue your claim.

You should contact an attorney in private practice as soon as possible if you want to pursue your claim.  If you need assistance in locating a private attorney in your area, you can call the Lawyer Referral Information Service of the State Bar of Texas toll-free at 1-877-9TEXBAR or (877) 983-9227.

You called us seeking assistance with filing a discrimination suit against your ex-employer, United Parcel Service.

You stated that you began work for UPS in December of 2015, and was forced to quit within 2 weeks because of the remarks made by your supervisor. You stated that you supervisor called you mentally retarded to your face and to other, and would call you names like fat while you were eating. You also stated that when you spoke to the EEOC office, the representative would not write down all that you were saying, and stated that she did not believe you.

We asked you to provide the complete investigation file in your case.  Although you did provide some of the documents from your case, you did not provide the complete file and that has hampered our ability to evaluate the merits of your case.  The complete file would contain the investigator's notes on interviews with you, the employer, and anyone else who was interviewed.  It would also contain the employer's response to your charge of discrimination and

Mr. Elisha Maxwell Johnson
May 31, 2016
Page 2



any documents the employer provided to the investigator. Instead, you only provided the affidavit for your discrimination claim, your charge of discrimination, the determination in your case by the Corpus Christi Human Relations Commission (CCHRC), and the Notice of Rights by the EEOC adopting the CCHRC's decision. You also provided some medical records and

documents relating to a second charge of discrimination you filed against Bayfront Hospitality Management, which I will discuss below.

Since you have completed the administrative process and received your Notice of Rights, you must file a lawsuit before the deadlines if you want to pursue your discrimination claims. You have 90 days from the date you received the Notice of Rights to file a lawsuit against UPS for discrimination based on disability. You did not tell us what day you received the Notice of Rights from the EEOC concerning your disability discrimination claim against UPS. Unless you can prove that you received the Notice of Rights after April 12, 2016, you should file your lawsuit against UPS no later than July 11, 2016, or your lawsuit may be barred by law.

You also did not tell us when you recieved the Notice of Rights from the EEOC concerning your race discrimination case against Bayfront Hospitality Management. You have 90 days from the date you received the Notice of Rights to file a lawsuit against Bayfront Hospitality Management for discrimination based on race. Unless you can prove that you received the Notice of Rights after May 20, 2016, you should file your lawsuit against Bayfront Hospitality Management no later than August 18, 2016, or your lawsuit may be barred by law.

Your application with TRLA has been closed and we are not acting as your law firm on this matter. If you have any questions, please contact **your contact person** Brittani Booker at (210) 212-3767 or (888) 988-9996.

We thank you for giving us the opportunity to discuss your need for legal assistance, and we hope that we were at least able to provide you some helpful advice and counsel. Because our funding is limited, we only have a very small staff to provide services to the very large number of persons who cannot afford the fees of a private lawyer. We are able to represent only a few of the many who come to us for help, but we try to provide some advice and guidance to all clients who apply for help. The Internet site www.TexasLawHelp.org provides free legal information on a variety of topics. There are also legal forms available, which you can file by yourself. Local public libraries often offer free access to computers and the Internet. You are always welcome to contact us if you should need our services for a different legal problem in the future. For future services please contact TRLA at the Telephone Access to Justice toll-free number (888) 988-9996.

If you believe TRLA was wrong in denying your application for services or that the services we provided were insufficient, you have the right to make a written complaint. It must be submitted no more than 10 days after you received this letter, and must include your name, address, and phone number; the file number that appears at the bottom of this letter; and the reason for your complaint. Mail or fax your complaint to Donna Harvey, at 1111 North Main

Mr. Elisha Maxwell Johnson
May 31, 2016
Page 3


Avenue San Antonio, TX 78212, whose fax number is (888) 486-4755.  If you need help with
your complaint, or if you have other questions about this problem, please contact Brittani Booker
at (210) 212-3767 or (888) 988-9996. You are always welcome to contact us again if you have a
different legal problem. The easiest way to reach us is to call the toll-free *Telephone Access to
Justice* hotline, *(888) 988-9996.*

Sincerely,

TEXAS RIOGRANDE LEGAL AID, INC.

/s/

Michael E. Ureña
Attorney at Law

File No. 72-79161
Team: Disability Rights

**LSC**

LAW OFFICE OF

**┳╧LSC**   **TEXAS RIOGRANDE LEGAL AID, INC.**

Telephone Access to Justice Office
1111 North Main Avenue
San Antonio, TX 78212
Telephone (210) 212-3767 Toll Free (888) 988-9996
Fax (888) 486-4755

June 14, 2016

Elisha Maxwell Johnson
3608 Blanco Courts
Apt. 3608
Corpus Christi, TX 78415

Dear Mr. Johnson:

We have considered your appeal of our decision to not accept your case. Due to our limited resources, we must deny your appeal. Enclosed please find a copy of our closing letter which was mailed to you on May 31, 2016.

You should contact an attorney in private practice as soon as possible if you want to pursue your claim. If you need assistance in locating a private attorney in your area, you can call the Lawyer Referral Information Service of the State Bar of Texas toll-free at 1-877-9TEXBAR or (877) 983-9227.

**If you wish to appeal our decision, you must appeal in writing to TRLA's Director of Litigation within 10 days of your receipt of this letter.** You may then expect a decision from the Litigation Director within 30 days. If you complete the attached form and send it to the address shown on the form, that will be considered an appeal. Please be aware that there is no guarantee your appeal will be granted.

Appeals should be sent to:

Rebecca G. Flanigan, Director of Litigation
c/o Edith Lee
Texas RioGrande Legal Aid, Inc.
1111 North Main Ave.
San Antonio, TX 78212
Telephone No: (800) 369-0356 o (210) 212-3700
Fax: (210) 212-3772.

Sincerely,

TEXAS RIOGRANDE LEGAL AID, INC.

Donna Harvey
Attorney at Law

File No. 72-79161
Team: Disability Rights

*Elisha Maxwell Johnson*                                                              *Page 3*
*June 14, 2016*                                                              *File No: 72-79161*

## APPEAL OF TEXAS RIOGRANDE LEGAL AID, INC.'S DENIAL OF LEGAL REPRESENTATION

Name:          Elisha Maxwell Johnson

Address:       3608 Blanco Courts
               Apt. 3608
               Corpus Christi, TX 78415

Phone Number:       (361) 779-5050

                    (361) 695-2318

File No. 72-79161

     I want to appeal the denial of representation by Texas RioGrande Legal Aid, Inc. The reason I want to appeal is:

_____

Elisha Maxwell Johnson


_____

Date

Send completed form to:
Rebecca G. Flanigan, Director of Litigation
c/o Edith Lee
Texas RioGrande Legal Aid, Inc.
1111 North Main Ave.
San Antonio, TX 78212
Phone Number: (800) 369-0356 or (210) 212-3700
Fax: (210) 212-3772.